UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

GUSTAVO PEREZ,

    Plaintiff,

vs.

FLORIDA BEAUTY FLORA, INC., a Florida for
Profit corporation, RONEN KOUBI, an individual,
and RALPH MILMAN, an individual,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff GUSTAVO PEREZ ("Plaintiff"), who was employee of Defendant FLORIDA BEAUTY FLORA, INC., a Florida for profit corporation, and RONEN KOUBI, an individual, and RALPH MILMAN, an individual ("Defendants"), by and through undersigned counsel files this Complaint for unpaid overtime wages, liquidated damages, and other relief and states as follows:

1. Plaintiff brings this action for unpaid overtime wages, liquidated damages, and other relief including attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Plaintiff was a non-exempt employee of Defendants who worked at Defendants' place of business.

3. Throughout Plaintiff's employment, he was not exempt from overtime. Plaintiff was paid a salary for a 40-hour workweek but was never paid for overtime hours worked.

1

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

4.  Plaintiff was forced to retain the undersigned and asks this Court to award reasonable attorney's fees and costs for unpaid overtime wages due under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

## I. JURISDICTION AND VENUE

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' business is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6.  This Court has original jurisdiction over Plaintiff's federal question claims.

## II. PARTIES

7.  Plaintiff GUSTAVO PEREZ is over 18 years old and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was a "salaried," non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

8.  Defendant FLORIDA BEAUTY FLORA, INC ("FBF") is a Florida for profit corporation that employed Plaintiff.

9.  Defendant RONEN KOUBI ("Koubi"), is an individual and *sui juris*, is the owner and manager of FBF. Koubi acted directly and indirectly in the interest of FBF. Koubi managed FBF and had the power to direct employee actions, including the Plaintiff. Koubi had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff in accordance with the FLSA, making Defendant Koubi an employer pursuant to 29 USC § 203(d).

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

10. Defendant RALPH MILMAN ("Milman"), is individual, *sui juris* and an executive/owner of FBF. Milman acted directly and indirectly in the interest of FBF. Milman managed FBF and had the power to direct employee actions, including the Plaintiff.  Milman had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff in accordance with the FLSA, making Defendant Milman an employer pursuant to 29 USC § 203(d).

### III. COVERAGE

11. During all material times, Defendant FBF was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. During the all material times, Defendant FBF was an employer as defined by 29 U.S.C. § 203(d).

13. During the all material times, Defendant Koubi was an employer as defined by 29 U.S.C. § 203(d).

14. During the all material times, Defendant Milman was an employer as defined by 29 U.S.C. § 203(d).

15. During all material times, FBF had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## IV. COUNT I
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

16. Plaintiff reincorporates and re-allege paragraphs 1 through ___ as though set forth fully herein and further allege as follows:

17. Defendants hired Plaintiff in 2010 to work as "salaried," non-exempt employee of the sales department.

18. Defendants instructed Plaintiff to use the time clock to record his hours. However, after Plaintiff complained he was not being compensated for all of the hours he worked, Defendants instructed Plaintiff to no longer record his hours and to not use the time clock.

19. Defendants were aware of the number of hours that Plaintiff worked, but for payroll purposes, Defendants intentionally misclassified Plaintiff as exempt so as to not have to pay Plaintiff for the extra hours he worked each pay period.

20. Defendants willfully and intentionally suffered or permitted Plaintiff to work more than forty hours per week without paying Plaintiff overtime wages due.

21. By suffering or permitting Plaintiff to perform work-related duties in excess of forty hours per week without compensating Plaintiff at the rate of one-and-a-half Plaintiff's regular rate of pay, Defendants owe Plaintiff one-and-a-half times his regular rate of pay for each hour worked in excess of forty hours in a week.

22. Plaintiff's employment by Defendants ended in February of 2020.

23. As a direct and proximate result of suffering or permitting Plaintiff to perform work-related duties in excess of forty hours per week without compensating him at the rate of one-and-a-half times her regular rate of pay, Plaintiff has been damaged for one or more weeks of work with Defendants.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

24. Defendants willfully and intentionally refused to pay Plaintiff wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA. Defendants remain owing Plaintiff wages for the ls three years.

25. Defendants knew of and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA. Defendants were aware, or should have been aware, that Plaintiff was not being properly compensated for all work hours, and specifically, Defendants were aware that Plaintiff was not being compensated overtime hours at a rate of time-and-one-half his regular rate of pay.

WHEREFORE, Plaintiff GUSTAVO PEREZ demands judgment in his favor and against Defendants FLORIDA BEAUTY FLORA, INC., a Florida for profit corporation, RONEN KOUBI, an individual, and RALPH MILMAN, an individual, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per week at one-and-a-half times his regular rate of pay for the last three years;

b) Award to Plaintiff liquidated damages equal to the payment of all overtime hours at one-and-a-half times his regular rate of pay;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

5

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted April 28, 2020.

                By:   **s/Lowell J. Kuvin**
                        Lowell J. Kuvin, Esq.
                        Florida Bar No. 53072
                        lowell@kuvinlaw.com
                        legal@kuvinlaw.com
                        *Law Office of Lowell J. Kuvin*
                        17 East Flagler Street, Suite 223
                        Miami, Florida 33131
                        Tel.: 305.358.6800
                        Fax: 305.358.6808
                        *Attorney for Plaintiff*