**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-21773-FAM

GUSTAVO PEREZ,

    Plaintiff,

v.

FLORIDA BEAUTY FLORA, INC., a Florida for
Profit corporation, RONEN KOUBI, an individual,
and RALPH MILMAN, an individual,

    Defendants.
_____/

## **_STATEMENT OF MATERIAL FACTS_**

    Defendants, FLORIDA BEAUTY FLORA, INC., RALPH MILMAN & RONEN KOUBI (together the "Defendants"), by and through undersigned counsel, pursuant to United States District Court for the Southern District of Florida pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a) files their Statement of Material Facts in support of their Motion for Summary Judgment against Plaintiff, GUSTAVO PEREZ, ("Plaintiff"). Defendants submit the following statement of material facts and contend there is no genuine issue to be tried.

    1.    This case involves a dispute wherein the Plaintiff alleges that Defendants violated the Fair Labor Standards Act. ECF No. 1, at ¶ 1.

    2.    Defendant FLORIDA BEAUTY FLORIDA, INC. ("Florida Beauty") is a Florida Profit Corporation that employed Plaintiff. ECF No. 1, at ¶ 8; ECF No. 17, at ¶ 8.

    3.    Florida Beauty is covered by the FLSA. ECF No. 1, at ¶ 11; ECF No. 17, at ¶ 11.

    4.    Defendants are engaged in the movement of goods in commerce. ECF No. 1, at ¶ 11; ECF No. 17, at ¶ 11.

5. Florida Beauty is an employer under the FLSA and employed Plaintiff until February 14, 2020. ECF No. 1, at ¶ 12, 22; ECF No. 17, at ¶ 12, 22.

6. Plaintiff was employed in Sales. ECF. No. 1, at ¶17; Declaration of Ari Afek, Director of Human Resources dated January 11, 2020, at ¶ 6 [hereinafter "Afek Declaration"].

7. At the times alleged in the lawsuit (the "Relevant Time Period") Defendants RONEN KOUBI and RALPH MILMAN were officers of Florida Beauty. Declaration of Ronen Koubi dated January 11, 2020, at ¶ 1–2 [hereinafter "Koubi Declaration"]; Declaration of Ralph Milman dated January 11, 2020, at ¶ 1–2 [hereinafter "Milman Declaration"].

8. Florida Beauty is a transportation, logistics and warehouse distribution company providing services throughout the United States. Koubi Declaration, at ¶ 3.

9. On or about May 13, 2020, the Plaintiff filed its Statement of Claim. ECF No. 9.

10. In its Statement of Claim, Plaintiff defines the Relevant Time Period as April 28, 2017 to April 28, 2020. ECF No. 9, at Ln. 3.

11. In 2017, Plaintiff was paid a salary of $110,000.02. ECF No. 9, at pg. 2 Ln. 7; Afek Declaration, at ¶ 4.a; Composite Exhibit 2, at 1.

12. In 2017, Plaintiff was paid a salary of $2,115.38 per week. Afek Declaration, at ¶ 4.a.

13. In 2018, Plaintiff was paid a salary of $121,583.47. ECF No. 9, at pg. 3 Ln. 3; Afek Declaration, at ¶ 4.b.; Composite Exhibit 2, at 2.

14. In 2018, Plaintiff was paid a salary of $2,337.25 per week. Afek Declaration, at ¶ 4.b.

15. In 2019, the Plaintiff was paid a salary of $125,175.00. ECF No. 9, at pg. 3 Ln. 20; Afek Declaration, at ¶ 4.c.; Composite Exhibit 2, at 3–4.

16. Plaintiff received a $5,000.00 bonus in 2019. Afek Declaration, at ¶ 4.c.; Composite Exhibit 2, at 3.

17. In 2019, Plaintiff received weekly salary compensation of $2,407.21. Afek Declaration, at ¶ 4.c.

18. Plaintiff worked six weeks in the calendar year 2020. ECF No. 9, at pg. 4 Ln. 15; Afek Declaration, at ¶ 4.d.

19. Plaintiff was paid $20,000.00 in 2020, receiving $3,333.33 per week of work.[1] Afek Declaration, at ¶ 4.e.; Composite Exhibit 2, at 4.

20. At all times during the Relevant Time Period the Plaintiff was compensated by salary that exceeded $684.00 per week. Afek Declaration, at ¶ 5; Composite Exhibit 2, at 1–4.

21. At all times during the Relevant Time Period the annual compensation of the Plaintiff exceeded $107,432 per annum. Afek Declaration, at ¶ 5; Composite Exhibit 2, at 1–4.

22. Plaintiff was the manager of the floral department within Florida Beauty's overacting sales department during the entire relevant time period. Koubi Declaration, at ¶ 4; Composite Exhibit 4, at bate FBF Am. RFP 0050.

23. Sales is a customarily recognized department at Florida Beauty. Afek Declaration, ¶ 16.

24. Throughout the relevant time period and through the present, the floral department is critical to Florida Beauty's business. Koubi Declaration, at ¶ 12.

25. During the relevant time period, Plaintiff was the highest paid employee in the floral department. Koubi Declaration, at ¶ 6; Afek Declaration, at ¶ 15.

---

[1] This represents an annual salary of $173,333.33 when extrapolated.

26. Plaintiff's own LinkedIn profile holds himself out to the public as a manager at Florida Beauty. Koubi Declaration, at ¶ 5; Composite Exhibit 4, at bate FBF Am. RFP 0050.

27. Plaintiff role was as sales manager routinely managing a staff of at least two full time employees, including customer service staff. Afek Declaration, at ¶15; Koubi Declaration, at ¶ 6.

28. In the sales department, Plaintiff worked in an office performing non-physical related labor related to management or general business operations of Florida Beauty and its customers in this crucial aspect of Florida Beauty's business. Koubi Declaration, at ¶ 8, 12; Afek Declaration, at 6.

29. Plaintiff's primary responsibilities included exercising of discretion and independent judgment regarding negotiating and setting customer freight prices, customer minimums and credits, and shipment times. Afek Declaration, at ¶ 7; Koubi Declaration, at ¶ 9.c.; Composite Exhibit 4, at bate FBF Am. RFP 0044; 0049.

30. Plaintiff reported directly to Mr. Koubi, President of Florida Beauty, or Mr. Milman, a high-ranking officer of Florida Beauty. Koubi Declaration, at ¶ 14; Milman Declaration 14.

31. It also included managing multiple subordinate employees, their work schedule and scheduling requests. Afek Declaration, at ¶ 7; Koubi Declaration, at ¶ 9.a.

32. It also included reviewing, suggesting and recommending pay rates, pay raises and their effective dates, and disciplinary review for subordinate employees. Afek Declaration, at ¶ 19, 22, 25–29; Koubi Declaration, at ¶ 9.a.

33. Plaintiff's recommendations for personnel changes were given particular weight and consideration due to his position in the department and the trust he had from upper

management. Afek Declaration, at ¶ 9; Koubi Declaration, at ¶ 13, 15; Milman Declaration, at ¶ 15.

34. Plaintiff recommended personnel hiring and their prospective schedules on many occasions. Afek Declaration, at ¶ 9; Composite Exhibit 4, at bate FBF Am. RFP 0144.

35. Plaintiff also performed employee reviews and recommended firing or transfers out of Plaintiff's sales department. Afek Declaration, at ¶ 10–11.

36. His recommendations resulted in employee discipline, transfers, and terminations. Afek Declaration, at ¶ 12–13; Exhibit 3, Def.'s Amended Responses to Pl.'s First Set of Interrogatories, at pg. 2 No. 4.

37. Plaintiff's regular employee recommendations were often followed by Florida Beauty. Afek Declaration, at ¶ 14.

38. For employees in Plaintiff's department, employees would report absences or tardiness directly to Plaintiff. Afek Declaration, at ¶ 25.

39. When requesting leave of absences, employees within Plaintiff's department would routinely obtain Plaintiff's signature as "supervisor" on the form. Afek Declaration, at ¶ 26.

40. Plaintiff had authority on personnel decisions or enjoyed a great deal of weight in his recommendations to upper management. Afek Declaration, at ¶ 9, Koubi Declaration, at ¶ 9.a.

41. At all times during the relevant period, Plaintiff regularly managed at least two full time employees. Afek Declaration, at ¶ 19–20.

42. Plaintiff regularly directed his multiple subordinate employees' work and took responsibility and ownership over "his" department. Afek Declaration, at ¶ 19, 21.

43. Plaintiff at all times knew and recognized that his duties greatly exceeded those of the sales personnel he managed. Afek Declaration, at ¶ 17.

44. Additionally, Plaintiff effectively managed the floral department's business. Koubi Declaration, at ¶ 19; Afek Declaration, at ¶ 18.

45. Plaintiff implemented and enforced company policies for his area, such as the claims policy for flower shipments. Afek Declaration, at ¶ 32; Composite Exhibit 12, at bate FBF RFP 0228.

46. Plaintiff regularly reported and handled employee grievances and safety concerns. Afek Declaration, at ¶ 32; Composite Exhibit 12, at bate FBF RFP 0130; 0193.

47. This management included the responsibility of receiving, handling, and resolving customer complaints, disputes, and issues. Koubi Declaration, at ¶ 18.

48. The President of Florida Beauty entrusted Plaintiff with a great deal of discretion. Koubi Declaration, at ¶ 15.

49. When Plaintiff negotiated a rate for client satisfaction, the President of Florida Beauty rarely disputed a rate Plaintiff offered. Koubi Declaration, at ¶ 16–17.

50. Plaintiff would inform upper management of rate changes as largely a formality. Koubi Declaration, at ¶ 16.

51. Plaintiff would provide the rates to Mr. Afek, Director of Human Resources, who had the authority to input the rates into the computer systems. Koubi Declaration, at ¶ 17; Afek Declaration, at ¶ 8; Exhibit 5, Def.'s Response to Pl.'s Second Set of Interrogatories, at pg. 3–4 at Nos. 4–5.

52. By Plaintiff's own words, Plaintiff was responsible for managing the flower department and its "claims, sales and accounting." Composite Exhibit 4, at bate FBF Am. RFP 0048, lns. 5–6; Afek Declaration, at ¶ 18, 30.

53. Plaintiff also acknowledged representing that department (and its at least 3 employees) internally and externally. Afek Declaration, at ¶ 18, 30; Composite Exhibit 10, at bate FBF RFP 177.

Dated: January 11, 2021

                                      Respectfully submitted,

                                      **AINSWORTH + CLANCY, PLLC**
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817
*Counsel for Defendants*

By: /s Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of January 2020, the foregoing Statement of Material Facts was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

## SERVICE LIST

Law Office of Lowell J. Kuvin
Lowell Kuvin
Florida Bar No. 53072

17 East Flagler St., Suite 223
Miami, Florida 33131
Telephone: 305-358-6800
lowell@kuvinlaw.com